UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MIGUEL COREA GALEANO,
Petitioner,
v.
JEREMY CASEY, et al.,
Respondents.

Case No.: 26-cv-6258 JAO (DDL)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Before the Court is Miguel Corea Galeanos's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Also before the Court is Respondents' Return to the Petition. ECF No. 4.

For the following reasons, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus.

**BACKGROUND**

Petitioner was born in Honduras and entered the United States on a tourist visa in 2019. *See* ECF No. 1 ¶ 7. Since then, he has lived in Miami with his domestic partner and nine-year-old son. *See id*. Petitioner is employed, has no criminal history, and helps raise his son who has autism spectrum disorder. *See id.* ¶¶ 11–13.

On October 3, 2026, Petitioner was a passenger in a car that his cousin was driving. *See id.* ¶ 8. He noticed that they were being followed by an unmarked car that eventually initiated a stop. *See id.* The agents were wearing face masks and vests that said "police," and began questioning Petitioner about his immigration status. *See id.* After questioning, the agents arrested Petitioner without providing a warrant or explanation for the traffic stop. *See id.* ¶ 9.

At some point, Petitioner was transferred to Imperial Regional Detention Facility. *See id.* ¶ 10. On October 23—twenty days after Petitioner's arrest—an Immigration Judge held a bond hearing for Petitioner, but considered him a flight risk and denied bond. *See id.* As such, Petitioner remains in custody. *See id.* ¶ 15.

## LEGAL STANDARD

A federal prisoner challenging the execution of her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of her confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues that his warrantless arrest was unlawful under 8 U.S.C. § 1226(a) and 8 U.S.C. § 1357(a)(2) and the implementing regulations. *See* ECF No. 1 ¶¶ 16–33. Specifically, he contends that the agents failed to make the requisite "prearrest individualized determination of probable cause that [Petitioner] was unlawfully present in

the U.S. *and* likely to escape before a warrant [could] be obtained." *See id.* ¶ 24 (internal quotation marks and citation omitted, emphasis added). As relief, Petitioner seeks immediate release. *See id.* ¶¶ 34–37. Respondents do "not oppose an order from this Court directing that Petitioner be released from custody, subject to reasonable conditions of supervision at the government's discretion." ECF No. 4 at 1. The Court therefore GRANTS the Petition and orders Petitioner's immediate release.

As Petitioner was detained in the interior of the country after living here for years, his detention is governed by 8 U.S.C. § 1226(a). *See Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Section 1226(a) provides: "On a *warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added).

If an officer does not obtain a warrant before arrest, the officer may nonetheless arrest a subject if the officer "has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation *and* is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). "The phrase 'has reason to believe' equates to the constitutional 'probable cause' requirement under the Fourth Amendment." *Vasquez Perdomo v. Mullin*, — F. Supp. 3d —, 2026 WL 2751388, at *4 (C.D. Cal. Sept. 2, 2026) (quoting *Tejeda-Mata v. Immigr. & Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980)); *see also* 8 C.F.R. § 287.8(c)(2)(ii). That probable cause determination must be particularized to the person arrested and be "drawn from the facts known to the arresting officer at the time of the arrest." *Vasquez Perdomo*, 2026 WL 2751388, at *18 (internal quotation marks and citation omitted).

Even assuming there was probable cause to believe Petitioner was unlawfully present in the United States after the agents questioned Petitioner, there is no evidence in the record that Petitioner was "likely to escape" before Respondents could obtain a warrant or that the officers even considered the question. The Court thus concludes that his warrantless arrest violated § 1357(a)(2) and the corresponding regulations. *See Diaz*

*Escalante v. LaRose*, 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026); *Gonzalez Carias v. Mullin*, 2026 WL 3308183, at *2 (S.D. Cal. Nov. 2, 2026); *see also Cayetano-Castillo v. Warden, Imperial Reg'l Detention Facility*, 2026 WL 3270170, at *4 (S.D. Cal. Oct. 20, 2026) ("Section 1357(a)(2) requires both that the arresting immigration officer have 'reason to believe' that the noncitizen is (1) unlawfully present in the United States, *and* (2) likely to escape *before* a warrant can be obtained").

The fact that an Immigration Judge later concluded Petitioner was a flight risk is of no import because the proper remedy for an invalid arrest is release. *See, e.g.*, *Cayetano-Castillo*, 2026 WL 3270170, at *5 ("Because providing Petitioner a bond hearing would not cure or remedy the violation of an unlawful warrantless arrest and detention Petitioner has already suffered as a result, the Court is persuaded that immediate release is the appropriate remedy"); *Gregorio v. LaRose*, 2026 WL 2059095, at *2 (S.D. Cal. July 16, 2026); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."). Indeed, Respondents concede that release is the proper remedy. *See* ECF No. 4 at 1.[1]

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to immediately release Petitioner from custody.[2] The Court **ORDERS** that, prior to any re-detention of

---

[1] Respondents provide no basis or authority for their request to release Petitioner "subject to reasonable conditions of supervision at the government's discretion." The Court instead orders Respondents to comply with the statutes and regulations prior to any re-detention of Petitioner.

[2] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 1 at 12. Petitioner's

Petitioner, the government must either obtain a warrant under 8 U.S.C. § 1226(a) authorizing Petitioner's arrest or comply with the warrant exception under 8 U.S.C. § 1357(a)(2). The Parties are **ORDERED** to file a Joint Status Report by December 1, 2026, confirming that Petitioner has been released. As this concludes the litigation in this case, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: November 17, 2026

Jill A. Otake
United States District Judge

---

counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order. *See* 28 U.S.C. § 2412(d)(1)(B).